IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO HUMAN
SERVICES DEPARTMENT,

    Petitioner,

v.

ALLIANCE HEALTH OF
SANTA TERESA, INC.,

    Respondent.

CIV. NO. 99-1355 JP\RLP

Bankr. No. 98-12111-SL
Adv. No. 99-01140 S

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 20 2000


CLERK

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    Alliance Health of Santa Teresa, Inc. ("Alliance") filed for Chapter 11 bankruptcy. The New Mexico Human Services Department ("HSD") filed a proof of claim pursuant to 11 U.S.C. § 106(b), alleging it was owed $306,906.21 for overpayment of certain patient fees pursuant to applicable Medicaid regulations. Alliance then brought an adversary proceeding against HSD alleging that HSD underpaid reimbursements to Alliance in the amount of $2,107,143.69. Alliance also claimed that it was entitled to $218,983.00, which amount was denied by HSD as an allowable cost.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file in the district court written objections to such proposed findings and recommendation. A party must file any objections within the 10-day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.



2. Pursuant to 28 U.S.C. § 157(a), all bankruptcy cases are automatically referred from district court to the bankruptcy court for that district. HSD now seeks withdrawal of the reference to bankruptcy court under section 157's mandatory or permissive withdrawal procedures.

3. Section 157(d) requires mandatory withdrawal of the reference if the proceeding requires consideration "of both title 11 and other laws of the United States regulating . . . activities affecting interstate commerce." HSD contends that in this case both the Eleventh Amendment and federal statutes are at issue.

4. HSD argues that it has not waived sovereign immunity, relying on *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd.*, -- U.S. --, 119 S.Ct. 2219 (1999), which held that Congress cannot abrogate states' sovereign immunity. HSD further argues that the federal statutes at issue, the federal Medicaid Act, 42 U.S.C. §§ 1396 *et seq.* and the now-repealed Boren Amendment, § 1396(a)(13)(A), would require the bankruptcy court to interpret those laws, something that § 157(d) specifically prohibits.

5. At the present time, there is no Eleventh Amendment issue. Alliance's complaint was filed against HSD pursuant to 11 U.S.C. § 106(b). Although § 106(a), which was a wholesale abrogation of sovereign immunity, has been held unconstitutional in light of *College Savings, see In re Straight*, 248 B.R. 403 (B.A.P. 10th Cir. 2000), the Tenth Circuit Court of Appeals has specifically held that § 106(b) does not abrogate sovereign immunity; rather, it "merely codifies an existing equitable circumstance under which a state can choose to preserve its immunity by not participating in a bankruptcy proceeding or to partially waive that immunity by filing a claim." *In re Straight*, 143 F.3d

1387, 1392 (10th Cir.), cert. denied, 525 U.S. 982 (1998). Although this case was handed down prior to College Savings, it is binding precedent upon this court and the bankruptcy court until the Tenth Circuit or the United States Supreme Court rules otherwise.

6. The Tenth Circuit has not construed § 157(d). As stated by one court:

> Section 157(d) has been construed in basically two fashions: one strict, the other more liberal. Courts adopting the strict construction conclude that "withdrawal is mandatory when the proceeding requires resolution of title 11 and non-bankruptcy code federal law statutes, regardless of the substantiality of the legal questions presented. . . . Under the second approach, which is the majority approach, withdrawal is mandatory only if resolution of the issues requires substantial and material consideration of non-bankruptcy code statutes. This approach also has been described as requiring significant interpretation, rather than simple application of non-bankruptcy code statutes. . . .
> 
> . . .
> [I]n this Court's opinion the Tenth Circuit is likely to adopt the "substantial and material" standard because it is founded on principled decision-making which enables bankruptcy courts to apply established legal standards in the same manner as district courts. This avoids automatic withdrawal of matters capable of such straightforward treatment by the court most familiar with the facts. Also, judicial economy is served.

Segal v. California Energy Development Corp., 167 B.R. 667, 669 (Bankr. D. Utah 1994) (internal quotation marks and citations omitted).

7. I agree with the foregoing. HSD asserts that the complexity and difficulty of the Medicaid laws, in conjunction with the Eleventh Amendment issue, requires withdrawal. As stated previously, the Eleventh Amendment is not implicated at this point and HSD has failed to show this court how the Medicaid provisions at issue would go beyond application of the regulations, something the bankruptcy court is equipped to handle.

3

8.HSD next argues that permissive withdrawal is appropriate.  Section 157(d) allows permissive, or discretionary, withdrawal "for cause shown." "Cause" is not defined. Some courts have suggested that in determining cause,

> "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."

*In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland American Ins. Co.*, 777 F.2d 992, 999 (5th Cir. 1985)).

9.HSD argues that both the parties' and the court's resources would be conserved if the reference is withdrawn because the adversarial proceeding is a non-core proceeding and will ultimately be returned to district court for the final ruling.  Alliance, on the other hand, argues this is a core proceeding that should be heard in bankruptcy court.

10.Section 157(b)(3) expressly provides that it is for the bankruptcy court to make the determination of whether a proceeding is core or non-core.  However, "the Bankruptcy Code is not entirely clear as to which court should make a core/non-core determination arising in the context of a motion to withdraw a referral, which motion must be decided by the district court." *In re 1733 Ridge Road East*, 125 B.R. 722, 723 (Bankr. S.D.N.Y. 1991).  In that case, the court determined that it need not remand to bankruptcy court for the limited determination of whether the case was core or non-core because the moving party had made no showing of cause to withdraw the reference.

> Even if, for instance, the Bankruptcy Court should find that this is a non-core proceeding to which there is no right to a jury trial at the bankruptcy court level [citation omitted], it is for that Court to determine that the case is no longer within its

4

jurisdiction, after it has made those determinations which are by statute and referral for it to make. The jurisdiction of the Bankruptcy Court should not be circumvented simply by the presentation of these issues in the context of a motion to withdraw the reference.

*Id.* at 724. *Accord In re Westmoreland Coal Co.*, 220 B.R. 512, 514-15 (Bankr. D. Colo. 1998).

11. I agree with this reasoning and find that HSD has failed to show that it is entitled to either mandatory or permissive withdrawal pursuant to 28 U.S.C. § 157.

## RECOMMENDED DISPOSITION

I recommend that New Mexico Human Services Department's Application to Withdraw Reference of Adversary Proceeding to Bankruptcy Court [Doc. 1] be denied and this case be dismissed.

Richard L. Puglisi
United States Magistrate Judge